**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ROBIN BAXLEY, as Personal
Representative of the Estate of
MICHAEL JESS SCARBERRY,**

    **Plaintiff,**

**vs.**                        **CASE NO.: 5:09cv343/RS/MD**

**GEICO GENERAL INSURANCE
COMPANY,**

    **Defendant.**

## ORDER

Defendant Geico General Insurance Company ("Geico") filed a motion to quash plaintiff's subpoenas for the files of attorneys Cicchetti, Keho and Marsh (doc. 18) to which plaintiff responded. (Doc. 20). Plaintiff also filed a notice of filing in opposition to objection and motion to quash. (Doc. 25). The court held a hearing on March 4, 2010 on the motion, after which the parties filed supplemental memoranda. (Doc. 31 & doc. 32). Plaintiff has also filed an amended motion to compel documents responsive to subpoenae duces tecum to non-parties, (doc. 34), to which Geico has responded (doc. 37). For the following reasons, defendant's motion to quash will be denied and plaintiff's motion to compel will be granted.

This case is an insurance bad faith action based on a claim brought by plaintiff Robin Baxley against Layura Sellers and Raymond and Winnie Paulk related to an automobile accident that occurred on January 7, 2005 (the "underlying action"). The underlying action resulted in the entry of a $2,500,000 consent judgment against Geico's insureds, Sellers

and Raymond Paulk. In the case at bar, plaintiff Baxley served subpoenas for the files of Attorneys Cicchetti, Kehoe and Marsh, each of whom represented Geico's insureds (Layura Sellers and/or Raymond Paulk) in the underlying action. Geico objected, asserting that the request seeks the production of attorney-client privileged materials. The court held a hearing on the plaintiff's motion. Plaintiff argues that she stands in the shoes of Geico's insureds and that this privilege does not apply. Geico argues that Paulk and Sellers have not waived the attorney-client privilege, that their bad faith cause of action has not been assigned to Baxley, and that Geico does not waive the privilege. The parties were directed to file supplemental memoranda, which they have now done.

Geico relies on the relatively recent case of *Progressive Exp. Ins. Co. v. Scoma*, 975 So.2d 461 (Fla. 2d DCA 2007). *Scoma* held that a third party claimant may stand in the shoes of an insured for purposes of standing to bring a bad faith action, but that this standing does not confer access to otherwise privileged communications between the insured and his counsel in the underlying action absent a waiver of privilege or written assignment of the bad faith claim. 975 So.2d at 465. The court asked Geico at the hearing to identify decisions of circuit courts in other districts that have followed *Scoma*, but there are none.[1] Geico focuses on two central arguments in its supplemental memo.

First, Geico asserts that *Scoma* is not inconsistent with the decision of the Supreme Court of Florida in *United Services. Auto Assoc. v. Jennings*, 731 So. 2d 1258 (Fla. 1999). In *Jennings,* the victim of a motor vehicle accident sued the tortfeasor's insurer to recover on a theory of bad faith after settling the underlying tort claim. The Supreme Court of Florida was presented with the following certified question:

> Whether the fact that a third party bad-faith claim has been brought pursuant

---

[1] The case has only been cited three times, each time by federal district courts for propositions not relevant to this case. *See Jones v. General Ins. Co. of America*, 2009 WL 1537866 (S.D. Ala. 2009) (bad faith action may be brought by either the insured or a third party whose claim against the insurance policy was the subject of the alleged bad faith; *Hartsford Ins. Co. of Midwest v. Koeppel*, 629 F.Supp.2d 1293 (M.D. Fla. 2003) (the same attorney may ethically represent both the insured and the insurer provided their interests are not adverse); *American Enterprises Collision Center, Inc. v. Travelers Property And Cas. Co. Of America*, 2010 WL 472216 (M.D. Fla. 2010) (extra contractual damages are only available when there is a claim of bad faith).

to a *Cunningham*[2] stipulation rather than pursuant to an excess judgment makes any difference when attorney-client and work product privileges are asserted during discovery in the bad-faith action as to material contained in the claims file.

731 So.2d at 1258. The Court held that the victim stood in the shoes of the insured by virtue of a stipulation that served as the functional equivalent of an excess judgment, and that neither the attorney-client nor the work product privileges protected the claims file through the date of the stipulation. Geico distinguishes *Scoma* from *Jennings*, arguing that it was of crucial importance to the *Scoma* court that the insured had neither waived his attorney-client privilege, nor provided an assignment of rights to the injured party/bad faith plaintiff. The *Jennings* court, on the other hand, did not discuss or analyze the effect that lack of waiver of the attorney-client privilege or assignment of the insured rights would have on discovery, as there was effectively an assignment of rights by virtue of the stipulation.[3] *Jennings*, 731 So.2d at 1259 (Doc. 31 at 4). Geico's argument would be stronger if the *Scoma* court had itself cited and distinguished *Jennings*. *Jennings* is not even mentioned in the *Scoma* opinion, however.

Plaintiff takes the position that *Scoma* is a decisional aberration that is clearly inconsistent with the majority of reported Florida case law and that the Supreme Court of Florida's decision in *Jennings* is controlling. Citing from the answer brief submitted to the Supreme Court of Florida in *Jennings* (doc. 32 at 3, exh. 1 at 8), plaintiff maintains that there was no assignment of rights in *Jennings*. Plaintiff thus characterizes *Jennings* as involving a (1) third party insurance bad faith action (2) brought by a judgment creditor of the insured (3) pursuant to a stipulation and agreement that was the legal and functional equivalent of an excess judgment. Similarly, the case at bar is (1) a third party insurance

---

[2]*Cunningham v. Standard Guaranty Ins. Co.,* 620 So.2d 179 (Fla. 1994). The Court in *Cunningham* answered in the affirmative the certified question "does the trial court have jurisdiction to decide an insurer's liability for bad-faith handling of a claim prior to final determination of the underlying tort action for damages brought by the injured party against the insured where the parties stipulate that the bad-faith action may be tried before the underlying negligence claim?".

[3]The stipulation in that case was a *Cunningham* stipulation, arising from *Cunningham v. Standard Guaranty Ins. Co.,* 630 So.2d 179 (Fla. 1994)

bad faith action (2) brought by a judgment creditor of the insureds (3) pursuant to a stipulation and agreement for entry of a final judgment.  Thus, plaintiff maintains that under *Jennings* she should be permitted discovery of claims and litigation files based solely on her status as the real party in interest as a judgment creditor, rather than any status accrued through a contractual assignment.[4]

As further support for her position, plaintiff notes that the discovery allowed by *Jennings* is the same discovery she is seeking.  The *Jennings* court explained that:

> The permitted discovery of the insurer's claim file is limited to materials related to the insurer's handling of the claim through the date of the stipulation and agreement that concluded the underlying negligence claim and is the basis of the stipulated judgment.  The required discovery does not include any attorney-client communication or work product material which pertains to the insurer's defense of itself in the bad-faith action and which was generated subsequent to the stipulation and agreement.

731 So.2d at 1260.  Plaintiff has limited her subpoenas duces tecum to the time period ending July 28, 2008, the date of the entry of final judgment in underlying litigation.  Thus, none of the communications would have been related to the bad faith claim.

The court in *Scoma* disregarded several relevant cases due to their failure to consider the specific language of section 90.502, Florida Statutes, which codifies the attorney client privilege.[5]  975 So.2d at 469.  It remanded the case for the trial court to consider the third party claimant's desire for access to "privileged" information in light of § 90.502. However, *Scoma's* analysis is placed into question by the misplaced assertion that

---

[4]Plaintiff also notes the *Jennings* court's reliance on *Dunn v. National Sec. Fire & Cas. Co.*, 631 So.2d 1103 (Fla. 5th DCA 1993) (Dunn III) and *Continental Casualty Co. V. Aqua Jet Filter Systems, Inc.,* 620 So.2d 1141 (Fla. 3d DCA 1993), and that fact that the discovery at issue in *Aqua Jet* is very similar to that in the instant situation.  In *Aqua Jet* the Third DCA permitted Aqua Jet Filter Systems Inc., the judgment creditor, to discover the litigation files of the law firm that represented the insured over claims of attorney-client privilege and work product.

[5]The *Scoma* opinion stated that section 90.502 did not apply when *Boston Old Colony Ins. Co v. Gutierrez*, 325 So.2d 416 (3rd DCA 1976); and *Stone v. Travelers Ins. Co.*, 326 So.2d 241 (3rd DCA 1976) were decided, and noted that *Dunn v. National Sec. Fire and Cas. Co.*, 631 So.2d 1103 (Fla. 5th DCA 1993) and *Continental Cas. Co. v. Aqua Jet Filter Systems, Inc.*, 620 So.2d 1141 (Fla. 3rd DCA 1993) failed to discuss the statute although purportedly decided a year after its enactment.  975 So.2d at 469.

*Case No: 5:09cv343/RS/MD*

§ 90.502 was not codified until 1992.[6] Actually, the statute was enacted in 1976, ch 76-237, and first *amended* in 1992. (See doc. 32, exh. 2). Even if the *Scoma* court had been correct about the date of the enactment, in reaching their decisions the courts could have considered the common law attorney-client privilege that had been in existence for some time. *Keir v. State* , 152 Fla. 389, 394, 11 So.2d 886, 888 (Fla. 1943).

Plaintiff also argues that *Scoma* erroneously characterized a third-party insurance bad faith plaintiff's discovery of otherwise privileged matters as an attempt to "eradicate" the privilege. 975 So. 2d at 479. This is simply painting with too broad a brush. Actually, in such a situation the third party plaintiff only seeks to exercise the same right of access of materials that the insured has, since that plaintiff stands in the shoes of the insured. See *Fidelity and Cas. Co. Of New York v. Cope*, 462 So.2d 459, 461 (Fla. 1985) (a judgment creditor's right to bring a bad faith action is derivative of the right of the insured); *Thompson v. Comm. Union Ins. Co.*, 250 So.2d 259 (Fla. 1971) (holding that "a judgment creditor may maintain suit directly against [a] tortfeasor's liability insurer for recovery of the judgment in excess of the policy limits"). Allowing the third party plaintiff access to the information due to its particular status with respect to the ensured would not eradicate the privilege with respect to anyone else.

Plaintiff convincingly argues that *Scoma* is an aberration that conflicts with numerous cases that have allowed plaintiffs in third-party bad faith cases to have discovery of communications between insurers and defense counsel, regardless of whom counsel represented. (Doc. 32 at 9). Plaintiff asserts that the decisions in *Boston Old Colony Ins. Co. v. Gutierrez,* 325 So.2d 416, 417 (Fla. 3d DCA 1976);*, Stone v. Travelers Ins. Co.,* 326 So.2d 241 (Fla. 3d DCA 1976)*, Dunn v. Nat'l Sec. Fire & Cas. Co.,* 631 So.2d 1103 (Fla. 5th DCA 1993) (*Dunn III*) and *Continental Casualty Co. V. Aqua Jet Filter Systems, Inc.,* 620 So.2d 1141 (Fla. 3d DCA 1993) contributed to the rule that a plaintiff judgment creditor stands in the shoes of the insured for standing and discovery purposes. Each of these

---

[6]"Neither *Boston Old Colony* nor *Stone* contain a careful analysis of the attorney-client privilege. This is understandable because the statutory lawyer-client privilege, section 90.502, was not created until July 1992. See ch. 92-138, Laws of Fla." 975 So.2d at 469. It also noted that neither *Dunn III* nor *Aqua Jet Filter Systems* discussed the application of 90.502, although decided after its codification. *Id.*

*Case No: 5:09cv343/RS/MD*

6 of 7

cases, as noted above, appears to have been disregarded by *Scoma* for their failure to consider the specific application of § 90.502.

Geico's second argument for the application of privilege is that the "reservation of rights" letters that it sent to Paulk and Sellers do not preclude it from asserting the attorney-client privilege based on the tri-partite relationship. The letters were dated October 29, 2007, more than two years after the "relevant claim handling" and after Plaintiff filed suit and Geico hired counsel to defend its insureds. (Doc. 31, exh. A). Because Geico's and the insured's interests were common, Geico claims, it may assert the privilege. (Doc. 31 at 5-6). Geico also notes that it continued to provide for the defense of Paulk and Sellers through and beyond the entry of the consent judgment in the Underlying Action, and that it paid the $10,000 Bodily Injury policy limits in partial satisfaction of the judgment.

Plaintiff argues that Geico has no standing to object to the subpoenas as it does not have an attorney client relationship with the three law firms at issue and thus is not afforded any protection of privilege. See *Bender v. Tropic Star Seafood, Inc.,* 2008 WL 2824450 (N.D. Fla. 2008). Plaintiff further notes that Geico does not have possession of any of the subpoenaed documents. *Citing Brown v. Braddick*, 595 F.2d 961, 968 (5th Cir. 1979). *Braddick*, however, held that the party seeking to quash a subpoena did not have standing because "they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." Because Geico's assertion of privilege with respect to the subpoenaed materials is precisely what is at issue here, *Braddick* is not dispositive. Furthermore, plaintiff's assertion that Geico does not have any of the privileged documents is inconsistent with footnote one in its supplemental memorandum, enumerating documents contained within Geico's files that Geico asserts are subject to the privilege.

Plaintiff also argues that Geico's claim that there was no conflict with its insureds is disingenuous because as the insured's interest was that coverage existed, Geico "was asserting its intention to deny coverage or find some way out of it" (doc. 32 at 12). The tri-partite relationship does not automatically give rise to an attorney-client relationship or provide support for an argument that Geico has standing to assert a privilege, and the court

finds that the protection of privilege does not apply to plaintiff's discovery requests.

Accordingly it is ORDERED:

Geico's objection and motion to quash plaintiff's subpoenas for the files of attorneys Cicchetti, Kehoe, and Marsh (doc. 18) are DENIED and OVERRULED.

Plaintiff's amended motion to compel documents responsive to subpoenae duces tecum to non-parties (doc. 34) is GRANTED.

Responses to the pending discovery requests that are the subject of this order shall be provided to opposing counsel within twenty-eight days from this date.

DONE AND ORDERED this 4th day of May, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**